# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | |
|---|---|
| IRON OAK TECHNOLOGIES, LLC, <br><br> Plaintiff, <br><br> v. | Civil Action No. 3:18-md-2835-M |
| FUJITSU AMERICA, INC., | Civil Action No. 3:16-cv-3319-M |
| TOSHIBA AMERICA INFORMATION SYSTEMS INC. and TOSHIBA CORPORATION, | Civil Action No. 3:16-cv-3320-M |
| ASUSTEK COMPUTER INC., | Civil Action No. 3:16-cv-3322-M |
| SAMSUNG ELECTRONICS AMERICA, INC. and SAMSUNG ELECTRONICS CO., LTD., | Civil Action No. 3:17-cv-1259-M |
| SHARP ELECTRONICS CORPORATION and SHARP CORPORATION, | Civil Action No. 3:17-cv-2699-M |
| MICROSOFT CORPORATION, | Civil Action No. 3:18-cv-0222-M |
| LENOVO (UNITED STATES) INC. and LENOVO HOLDING COMPANY, INC., | Civil Action No. 3:18-cv-1539-M |
| DELL INC., | Civil Action No. 3:18-cv-1542-M |
| ACER AMERICA CORPORATION and ACER INC., | Civil Action No. 3:18-cv-1543-M |

## MEMORANDUM OPINION AND ORDER GRANTING PARTIAL SUMMARY JUDGMENT

Before the Court is Defendant Microsoft Corporation's Motion for Partial Summary Judgment of No Damages as to Microsoft's Products. (ECF. No 39).[1] Microsoft seeks summary judgment that Plaintiff cannot recover damages from the Defendants[2] for infringement by the use

---

[1] All citations refer to Civil Action No. 3:18-cv-0222.
[2] As used herein, "the Defendants" means all Defendants sued by Plaintiff, which does not include Microsoft.

of Microsoft products. Microsoft urges that prior to the expiration of the patents-in-suit, Plaintiff did not provide notice to any Defendant that a Microsoft product was alleged to infringe. (*Id*. at 2). More specifically, Microsoft contends that the letters sent to the Defendants, the only form of pre-expiration notice provided to them, did not provide notice of infringement concerning Microsoft products. Because the damages a patentee can recover in an infringement suit are statutorily limited to those acts of infringement that occurred after the patentee gave the alleged infringer notice of infringement, Microsoft moves for summary judgment in all cases that Plaintiff cannot recover damages as to Microsoft products. (*Id*.). Because notice of infringement by Microsoft products was not given prior to the expiration of the patents-in-suit, the Motion is **GRANTED**.

I.     **Factual and Procedural Background**

Plaintiff Iron Oak Technologies, LLC ("Iron Oak") owns the patents-in-suit, United States Patent Nos. 5,699,275 ("the '275 Patent") and 5,966,658 ("the '658 Patent"). The '275 Patent, titled "System for Remote Patching of Operating Code Located in a Mobile Unit," relates to improving systems or methods for altering or replacing the software on mobile computer systems. '275 Patent 1:7-9. The '658 Patent, titled "Automated Selection of a Communication Path," relates to an apparatus within a mobile device that automatically selects from multiple available communication paths. '658 Patent 1:6-8.

In 2014, prior to expiration of the patents-in-suit, Plaintiff delivered a letter to each of the Defendants ("2014 Letters"). The 2014 Letters stated that the Defendants' products and services likely practice the '275 and '658 Patents. (ECF No. 41 at A0194-A0246). The letters also presented each of the Defendants the opportunity for obtaining a license to both patents. (*Id*.). No letter or other form of notice of infringement was provided to Microsoft. (ECF No. 40 at 2).

In late 2016 and early 2017, after the patents-in-suit expired, Plaintiff filed suit against Defendants, alleging infringement, and seeking pre-expiration damages. On January 26, 2018, Microsoft filed suit against Plaintiff, seeking a declaratory judgment that Microsoft has not infringed, induced others to infringe, or contributed to the infringement of any claim of the '275 or '658 Patents. (ECF No. 1). Those parties were realigned, with Iron Oak as Plaintiff and Microsoft as Defendant. (ECF No. 27).

Microsoft moved, under 18 U.S.C. §1407, to centralize litigation of all related cases in this Court. On June 12, 2018, the Panel on Multidistrict Litigation issued a Transfer Order, centralizing twelve actions from across four districts in this Court. (ECF No. 32). On July 13, 2018, Microsoft filed the subject Motion for Partial Summary Judgment. (ECF. No 39).

## II. Legal Standard

Summary judgment is proper when there is no genuine dispute as to any material fact, and the movant is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). In determining whether there is a genuine issue of material fact, the evidence must be viewed in the light most favorable to the party opposing the motion, with doubts resolved in favor of the opponent. *Chiuminatta Concrete Concepts, Inc. v. Cardinal Indus., Inc.*, 145 F.3d 1303, 1307 (Fed. Cir. 1998). The substantive law determines which facts are material. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

When a patented article has been produced by a patentee or its licensee, the damages the patentee can recover in an infringement suit are statutorily limited to those acts of infringement that occurred after the patentee gave the alleged infringer notice of infringement. 35 U.S.C. § 287(a). Notice is required to ensure that the accused infringer knew of the adverse patent(s) and

the alleged infringement during the period in which its liability would accrue.  *SRI Int'l, Inc. v. Advanced Tech. Labs., Inc.*, 127 F.3d 1462, 1470 (Fed. Cir. 1997).

35 U.S.C. § 287(a) expressly permits two forms of notice, constructive notice and actual notice.  35 U.S.C. § 287(a).  Constructive notice is accomplished by the patent owner marking an article produced according to the patent with the patent number.  *Id*.  Where, as here,[3] there was not marking of an allegedly patented product, no damages may be recovered by the patentee in any action for infringement, unless there is proof that the infringer was notified of the infringement and continued to infringe thereafter, in which event damages may be recovered only for infringement occurring after such notice.  *Id*.

The patentee bears the burden of pleading and proving compliance with § 287(a).  *Arctic Cat Inc. v. Bombardier Recreational Prod. Inc.*, 876 F.3d 1350, 1366 (Fed. Cir. 2017).  The statutory requirement of actual notice is met so long as the communication from the patentee provides sufficient specificity regarding the patentee's belief that the recipient may be an infringer.  *SRI*, 127 F.3d at 1470.  Typically, an affirmative communication of a specific charge of infringement by a specific accused product or group of products is required.  *Amsted Indus. Inc., v. Buckeye Steel Castings Co.*, 24 F.3d 178, 187 (Fed. Cir. 1994).

Compliance with the notice requirement of § 287(a) is ordinarily a question of fact.  *Maxwell v. J. Baker, Inc.*, 86 F.3d 1098, 1111 (Fed. Cir. 1996).  Thus, a determination regarding the sufficiency of notice is properly decided on summary judgment only when no reasonable jury could find that the patentee either has or has not provided notice to a defendant by informing the

---

[3] It is undisputed that Plaintiff did not mark any allegedly patented product with the patent number(s) of the patents-in-suit.  (ECF No. 59 at 117).

defendant of the adverse patent and of the defendant's infringement of it. *Amsted*, 24 F.3d at 187.

## III. Analysis

### a. Pre-Expiration Notice Concerning Microsoft Products

Plaintiff seeks damages from the Defendants for infringement by the Defendants' accused products and services. Plaintiff also seeks damages from the Defendants for infringement by Microsoft software installed on the Defendants' products. Plaintiff does not seek damages from Microsoft.[4]

Microsoft contends that notice of infringement was not provided to any Defendant concerning infringement by Microsoft products, prior to expiration of the patents-in-suit. (ECF No. 40 at 9). More specifically, Microsoft contends that the only form of alleged notice, the 2014 Letters, did not provide notice of infringement concerning Microsoft products. (*Id*. at 11).

Plaintiff does not contend that any notice of infringement other than the 2014 Letters was provided concerning Microsoft products prior to the expiration of the patents-in-suit. (ECF No. 44). Plaintiff also does not contend that the 2014 Letters expressly accused Microsoft products of infringement. (*Id*.). Plaintiff also concedes that Microsoft did not receive notice of infringement, and that Plaintiff is not entitled to recover damages from Microsoft. (ECF No. 59 at 127).

Instead, Plaintiff argues that if the 2014 Letters gave notice of infringement concerning the Defendants' products and services, they also provided notice to the Defendants concerning related products, including Microsoft software installed on the identified devices. (ECF No. 44

---

[4] Microsoft is involved in this litigation because Microsoft and Defendants have indemnity agreements in place that allow Defendants to recover from Microsoft if Defendants are required to pay damages for infringement by a Microsoft product. (ECF No. 59 at 124).

at 11). Plaintiff further argues that a determination of whether the 2014 Letters provided notice under 35 U.S.C. § 287(a) is a question of fact for the jury, and that Microsoft has not met its burden on summary judgment. (*Id*. at 3).

Because it is undisputed that the 2014 Letters are the only form of notice provided, the issue before the Court is whether a reasonable jury could find that the 2014 Letters notified the Defendants that their potential liabilities included damages resulting from infringement by Microsoft products installed on their devices.

Microsoft argues that the Federal Circuit's decision in *Gart v. Logitech, Inc.*, 254 F.3d 1334 (Fed. Cir. 2001) controls. (ECF No. 40 at 10). In *Gart*, the Federal Circuit affirmed a district court's ruling on summary judgment that the pre-suit correspondence between the patent holder and the alleged infringer did not provide notice under 35 U.S.C. § 287(a) for models of computer mouses not specifically identified in the pre-suit correspondence, in part because the unidentified products did not infringe the patent-in-suit in the same or a substantially similar way. *Gart*, 254 F.3d at 1346.

Plaintiff argues that *Funai Elec. Co., Ltd. v. Daewoo Electronics Corp.*, 616 F.3d 1357 (Fed. Cir. 2010) and *K-TEC, Inc. v. Vita-Mix Corp.*, 696 F.3d 1364 (Fed. Cir. 2012) are controlling. In *Funai*, the Federal Circuit affirmed a jury award when the district court instructed the jury to consider whether a notice letter accusing a specific VCR model of infringement gave notice concerning a non-identified model of VCR that contained "a substantially similar deck and circuitry" and "the same infringing components." *Funai*, 616 F.3d at 1373. The Federal Circuit explained that once a patentee provides notice of infringement with respect to one product, other models and related products may be found to be within the scope of the notice.

In *K-TEC*, the Federal Circuit affirmed a district court ruling that a notice letter that identified a particular model of blender canister was sufficient evidence to withstand summary judgment on the issue of notice concerning an unidentified, but substantially similar, blender model. *K-TEC,* 696 F.3d at 1379. The Federal Circuit again held that if a patentee's initial notice is sufficiently specific to accuse one product of infringement, other models and related products may be within the scope of the notice.

In *Gart*, the Federal Circuit made clear that notice under 35 U.S.C. § 287(a) does not reasonably extend to all of the alleged infringer's unidentified products. In *Funai* and *K-TEC,* the Federal Circuit made clear that a notice letter is not required to specifically identify every allegedly infringing product, and that notice may be found for unidentified products if the scope of the alleged infringement described by the patent holder is sufficient to cover the unidentified products. Thus, the inquiry is not whether an accused product is identified by name, but rather whether notice to the alleged infringer provided information sufficient to apprise the infringer of the patent(s) in issue and the nature of the alleged infringement of it. *See Minks v. Polaris Indus., Inc.*, 546 F.3d 1364, 1376 (Fed. Cir. 2008).

None of the letters accuse Windows or any other Microsoft product of infringing the patents-in-suit. The only references to Microsoft products in the 2014 Letters are cursory references in the claim charts attached to the letters. (*See, e.g.*, ECF No. 41 at A0122, A1053, A0176). These references do not reasonably suggest to the Defendants that their alleged liabilities arose in part from the Microsoft software installed on the identified products. The

references merely indicate that Microsoft software is installed on some of the Defendants' devices.[5]

The 2014 Letters identify tools and functions of the Defendants' laptops, tablets, or smart phones that are independent of the accused Microsoft software. (*See, e.g.*, ECF No. 41 at A0097, A0122, A1053, A0176). The most direct mention of a Microsoft product in the 2014 Letters is in the claim chart attached to the letter sent to Toshiba America, Inc. (*Id*. at A0136). The chart merely points out that the accused program, Toshiba Service Station, operates on the Windows 8.1 operating system, not that the operating system infringes.

The letters to the other Defendants include similar allegations and screenshots identifying functions and tools created or operated by the Defendants. Microsoft Windows is sparsely and inconsequentially mentioned. For example, the claim chart included with the letter to Dell Inc. states that the Dell Download Manager remotely upgrades the software for Dell laptops and tablets, with software stored on Dell's servers. (*Id*. at A0097). The chart also includes a screenshot that shows that the Dell Download Manager performs steps similar to the infringing steps contemplated by the '275 Patent. (*Id*. at A0098). The claim chart also states that an apparatus within the Dell laptop infringes the '658 Patent. (*Id*. at A0102). Neither the letter nor the claim chart identifies a Microsoft product. In the letter to Fujitsu America, Inc., Plaintiff accuses Fujitsu's over-the-air updater and a Toshiba apparatus. (*Id*. at A0151). The only mention of Microsoft Windows is in a screenshot of an advertisement for a Fujitsu laptop that

---

[5] In contrast, in the the claim charts attached to Plaintiff's Complaint in its suit against HP, Plaintiff explicitly accused the Microsoft Automatic Updater on some of HP's devices of infringing the '275 Patent and the Microsoft Connections Manager on some of HP's devices of infringing the '658 Patent. (ECF No. 41 at A0114). By this time, the patents in suit had expired. (ECF No. 40 at 4).

states that "Genuine Windows® 7 Professional or Windows 8 Pro" are available on the advertised Fujitsu product.

Read in context, no reasonable jury could find that the 2014 Letters provided notice to Defendants of infringement by the third-party operating system, Microsoft Windows, installed on their devices.

Unlike the situation in *Gart*, *Funai*, and *K-TEC,* the unidentified accused products here are not manufactured or produced by the alleged infringers; rather, they constitute software purchased by the Defendants from Microsoft, a third party, and installed on their products. Plaintiff has not alleged that the Defendants had knowledge or control over the alleged infringement by Microsoft products. Plaintiff has not alleged that the Microsoft products infringe the patents-in-suit in the same or a substantially similar way as the Defendants' accused tools or functions. Plaintiff has not alleged that Microsoft and the Defendants had any communications regarding infringement of the patents-in-suit prior to the expiration of the patents.

Because the 2014 Letters did not provide notice to the Defendants of liability for infringement by Microsoft software installed on their products, and no other form of notice before the patents-in-suit expired occurred, the Court finds that no reasonable jury could find that Plaintiff provided notice under 35 U.S.C. § 287(a) concerning Microsoft products before the patents-in-suit expired. The absence of such notice means that summary judgment should be granted that as a matter of law, Plaintiff cannot recover for infringement by Microsoft products.

## IV.  Conclusion

For the foregoing reasons, Microsoft's Motion for Partial Summary Judgment is **GRANTED**. Plaintiff may not recover damages from the Defendants for infringement by

Microsoft products or services.  Microsoft's declaratory judgment claims are therefore

**DISMISSED** as moot.

    **SO ORDERED**.

December 14, 2018.

_____
BARBARA M. G. LYNN
CHIEF JUDGE